# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DALLIN VON HILL,<br><br>Defendant. | **ORDER CONTINUING JURY TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 2:24-cr-299-HCN-JCB<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Having considered Defendant's stipulated motion to continue jury trial, the court hereby finds as follows:

Defendant Dallin Von Hill appeared in court for his arraignment on the indictment in this matter on September 20, 2024. *See* Dkt. No. 14. The court scheduled a trial for November 26, 2024, within the 70-day time period that the Speedy Trial Act requires. *See id*. Trial is currently scheduled for April 1, 2025. *See* Dkt. No. 27.

Defendant seeks a 120-day continuance of the trial. *See* Dkt. No. 32. Defendant is in custody. Counsel for the Government joins the motion. There are no co-defendants.

Defense counsel represents that he is seeking an evaluation of Mr. Hill and requires more time to receive and review the evaluation. Defense counsel further represent that Mr. Hill is in sex offender treatment and is steadily progressing. Defense counsel requests more time for the completion of Mr. Hill's evaluation and treatment before pursuing a possible negotiated resolution of this case with the United States. Of course, in the event that a plea agreement is not reached, counsel for both sides will need additional time to prepare for trial.

Based on the foregoing, the court finds that failure to grant a continuance would "result in a miscarriage of justice" and deny counsel "the reasonable time necessary for effective

1

preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The court further finds that the length of the requested continuance is reasonable and reasonably related to the reasons for the continuance. For these reasons, the court finds that "the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7). Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from April 1, 2025 to August 5, 2025.

2. The time period from March 13, 2025 to August 5, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 19th day of March, 2025.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge